# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE DAVIS,** | : | CIVIL NO. 3:13-CV-1711 |
| **Plaintiff,** | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WARDEN J.E.THOMAS, et al.,** | : | |
| **Defendants.** | : | |

## **MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This prisoner *pro se* civil rights action comes before us in an unusual posture. The plaintiff, Willie Davis, has filed a motion seeking a judicial declaration that a routine order extending a response deadline is void and unconstitutional. (Doc. 12) Davis also appears to seek the recusal of this Court, based upon our entry of this order, as well as our indictment "for committing treason on the record in violation of 18 U.S.C. §2381." (Doc. 12) For the reasons set forth, the motion will be denied.

At the outset, Davis seeks a declaration that our order extending the defendants' response deadline is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b)-(c).

As the text of this rule implies, decisions under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). "Rule 60(b)(4) allows

a court to relieve a party from a final judgment if 'the judgment is void.' A judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant. See Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir.1978)." Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008). Here we plainly have jurisdiction over the parties. Therefore, it cannot be said that our order extending a response deadline, something that rests in our sound discretion, was "void", as that term is defined under Rule 60(b)(4). Accordingly, this request will be denied.

Likewise, Davis' recusal request fails as a matter of law. The legal standards which govern such recusal requests were aptly defined in Conklin v. Warrington Township, 476 F.Supp.2d 458 (M.D. Pa. 2007), where this Court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against Conklin. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice

but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is also clear, however, that:

The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:

[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some unscrupulous advocates, a recusal motion may simply be a calculated tactical tool designed to avoid or overturn the result which the law dictates in a case. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

Judged against these standards, Davis' recusal request, which is based upon his dissatisfaction with our ruling on a routine motion to extend time, simply provides no grounds for recusal and will be denied.

Finally, to the extent that Davis seeks an order of this Court directing the indictment of the undersigned for treason, it is well settled that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial

review." Wayte v. United States, 470 U.S. 598, 607 (1985). Therefore, while we will direct defense counsel to bring this request to the attention of the United States Attorney, we cannot order or compel any particular action with respect to this request, a decision that rests in the sound discretion of the United States Attorney.

Accordingly, for the foregoing reasons, Davis' motion to set aside order as void (Doc. 12), is DENIED.

So ordered this 26th day of September 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge